IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. NEALEN, | ) |
| | ) |
| Appellant/Debtor, | ) |
| | ) CIVIL ACTION NO. 3:2009-72 |
| v. | ) |
| | ) JUDGE KIM R. GIBSON |
| RONDA J. WINNECOUR, | ) |
| | ) |
| Appellee/Trustee. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

This matter comes before the Court on Appellant/Debtor's *pro se* Notice of Appeal of the November 7, 2008, Order of the Bankruptcy Court (Bankruptcy No. 08-71160-JAD, Doc. No. 17) dismissing the petition for failure to file required schedules. For the reasons set forth below, the Court will dismiss Mr. Nealen's appeal without prejudice.

I.  **Procedural Background**

Mr. Nealen filed the Chapter 13 bankruptcy petition that is the subject of this appeal on October 21, 2008. (Bankruptcy No. 08-71160-JAD, Doc. No. 1.) It was his third such petition within one year, and he followed it up with a fourth on March 16, 2009. *In re John J. Nealen*, 407 B.R. 194, 197 (Bankr. W.D. Pa. 2009) (helpfully identifying Mr. Nealen's appeals in the form of a chart). The very day Mr. Nealen filed the instant petition, the Clerk's Office issued a Notice of Filing Deficiencies (Bankruptcy No. 08-71160-JAD, Doc. No. 2) and set a deadline of November 5, 2008, by which Mr. Nealen was to provide various missing items. On November 7, 2008, having been informed by the Clerk's Office that Mr. Nealen had not provided the missing documents within the deadline, United States Bankruptcy Judge Deller dismissed the case without prejudice.

1

(Bankruptcy No. 08-71160-JAD, Doc. No. 17.) Then Mr. Nealen filed a "Motion to Reinstate Case Per Rule 60 F.R.A.P. Motion for 60 Days Additional Time To File Form 6. Request For Clerk To Provide Said Form 6 To Petitioner. / Americans With Disabilities Act Notice Of Appeal To The Third Circuit Court Of Appeals" (or as Judge Deller simplified it, the "Request for Relief). (Bankruptcy No. 08-71160-JAD, Doc. No. 29.) Judge Deller denied the Request for Relief. (Bankruptcy No. 08-71160-JAD, Doc. No. 38.) In doing so, he ordered that the Request for Relief be treated as a Notice of Appeal to this Court. (*Id.* at 11.)

This Court denied appeals from the dismissal of Mr. Nealen's first two Chapter 13 petitions in a joint order at Civil Action Nos. 3:2008-187 and 3:2008-188. Like the instant appeal, those two were originally requests for relief addressed to the Bankruptcy Court that Judge Deller construed as appeals to this Court. However, unlike Mr. Nealen's previous two appeals this Court has considered, this one is timely. Judge Deller entered his order on January 23, 2009, rendering the Request for Relief an appeal to this Court. The Request for Relief was timely filed, as it was filed on November 17, 2009, ten days after Judge Deller's November 7, 2009, order of dismissal.

## II. Discussion

Because, as in the prior two appeals, it appears that Mr. Nealen has not paid the requisite $255 filing fee, this Court first addresses the threshold issue of whether to grant Mr. Nealen *in forma pauperis* status. The Court sees no reason not to take a stance on this issue consistent with that in its previous order. Accordingly, Mr. Nealen is granted *in forma pauperis* status for purposes of proceeding with this appeal.

Although the Court recognizes that Mr. Nealen has timely filed his Notice of Appeal, the timeliness of this appeal actually does nothing to tip the Court's analysis in Mr. Nealen's favor

2

because this Court previously opted to consider Mr. Nealen's appeals as timely. The analysis previously applied will not differ here since this appeal does not differ from the previous two in any other significant respects. As with the previous two appeals, the Court will dismiss this third appeal for failure to prosecute after balancing the following six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).[1] For the same reasons articulated in this Court's previous order on the first two appeals, these six factors support dismissal of this appeal.

First, although Mr. Nealen is proceeding *pro se*, he is personally responsible for fulfilling procedural requirements. Second, the Appellee would be prejudiced if this appeal were to go forward because Mr. Nealen's failure to advance any cognizable legal or factual argument would hamper her ability to formulate a response. Third, Mr. Nealen has demonstrated extreme dilatoriness. Only a partial record was transmitted on appeal to this Court because Mr. Nealen failed to designate the contents of the record on appeal and failed to file a statement of issues on appeal. This practice is not particularly surprising since Mr. Nealen's petition was dismissed by the Bankruptcy Court for failure to comply with procedural requirements. The Court is sympathetic to Mr. Nealen in that he is a *pro se* litigant navigating a bankruptcy appeal. However, given his demonstrated success at filing frequent Chapter 13 petitions and his timely filed appeal of the third

---

[1] Although the Third Circuit enunciated this six-factor test in *Poulis* in reviewing the District Court's dismissal of a complaint with prejudice, the Third Circuit later applied the same text in the context of a bankruptcy appeal. *See In re Richardson Indus. Contractors, Inc.*, 189 Fed. Appx. 93, 96 (3d Cir. 2006) (non-precedential).

petition's dismissal, Mr. Nealen's failure to follow appellate procedure is not the result of incompetence. But neither is it the result of bad faith, so the fourth factor does not weigh against him. Mr. Nealen appears to be sincere in his desire to be a Chapter 13 debtor but illogical and unpersuasive in his excuses for not following the statutory requirement of obtaining credit counseling. Fifth, a monetary sanction against this *pro se* appellant would be inappropriate and unduly harsh, especially since this Court has granted him *in forma pauperis* status. Sixth, the appeal does not appear meritorious since it stems from the dismissal of a petition for failure to file necessary items, in particular the certificate of credit counseling. Mr. Nealen has not provided any briefing to elucidate his argument on appeal other than the barely comprehensible Request for Relief that Judge Deller generously construed as a request for a waiver of the credit counseling requirement. Mr. Nealen has not explained why this Court should reach a different conclusion.

It appears the six factors examined weigh overwhelmingly against Mr. Nealen. The appeal is dismissed pursuant to Rule 8001(a) of the Federal Rules of Bankruptcy Procedure for failure to prosecute and failure to follow procedural requirements. *See In re Richardson Indus. Contractors, Inc.*, 189 Fed. Appx. at 96.

In accordance with the foregoing discussion, **IT IS HEREBY ORDERED** that Appellant Nealen's appeal docketed at Civil Action No. 3:2009-72 is **DISMISSED WITHOUT PREJUDICE**.

BY THE COURT:

February 16, 2010

JUDGE KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

4